WRIGHT, Presiding Judge.
Eunice Irene Gilley and Tom Wright Gil-ley were married in 1938. Two sons, now forty and thirty-one years old, were born of the marriage. Mr. Gilley filed a complaint for divorce on March 3, 1980, based on incompatibility of temperament and irretrievable breakdown of the marriage. He also set out the property jointly owned by the parties and asked that it be sold and the proceeds divided.[1] Mrs. Gilley answered on April 2, 1980, and counterclaimed for divorce on the grounds of incompatibility of temperament. She asked for division of property, and averred that the homeplace should be awarded to her and the remainder of the joint property sold and the proceeds equitably divided. Mrs. Gilley also asked for certain personal property, the Cullman Ice Factory business, $3,000 per month alimony and an attorney’s fee. In addition to the counterclaim, Mrs. Gilley cross claimed against her son, Tommy Gilley, alleging that she, her husband and sons were partners in a construction business known as the Cullman Ice Factory and asking for certain relief concerning that relationship.[2] The husband and the son, Tommy Gilley, responded to the counterclaim and cross claim, respectively. Discovery on the various claims ensued, and on October 8, 1980, Mr. Gilley moved for summary judgment of divorce and severance of Mrs. Gilley’s counterclaim for separate trial.
Partial summary judgment was granted on January 6, 1981, divorcing Tom Wright Gilley and Eunice Irene Gilley. Testimony on the remaining claims was heard ore ten-us. The final judgment as to all issues[3] was entered on September 11, 1981, and divided the Gilleys’ property as follows:
Mrs. Gilley: The homeplace including the home and approximately sixteen acres of land; one-half the net proceeds of the sale of the real property known as the Ice House property;[4] her clothes and personal belongings; all furniture and furnishings, appliances and equipment in the home; the 1974 Cadillac she was driving; a mowing ma *970 chine; all bank accounts and monies in safety deposit boxes (about $24,000); $1,000 given to her by Mr. Gilley on December 11, 1980; and about $4,400 from the 1980 joint tax return of the parties.
Mr. Gilley: Any title or interest the parties have in the property known as (1) Cato-ma, (2) Smith Lake, (3) Northwood and (4) Gilleyville; one-half the net proceeds of the real property known as the Ice House property; his clothes and personal belongings; a 1978 Chevrolet automobile, a boat, a Winnebago motor home, the Ice House vehicles and equipment, including a 1976 orange pickup truck, an ice box delivery rig, any remaining ice boxes, a backhoe, a little John Deere tractor, an old Ford semi-tractor and trailer, and a dump truck; and any title or interest of the parties in any partnership, corporation or any entity operated by Mr. Gilley individually.
No alimony was provided. From that judgment, Mrs. Gilley appeals. On appeal, she contends that the trial court abused its discretion in its property division and by its failure to grant alimony. She also contends that the trial court erred in its rulings concerning certain evidence.
The first issue before us is whether the trial court abused its discretion as to the division of property. The division of property in a case heard ore tenus is within the sound discretion of the trial court, and will be disturbed on appeal only if it is so unsupported by the evidence as to be clearly unjust, plainly and palpably wrong. Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App.1980). The trial court’s judgment is presumed correct. McLain v. McLain, 384 So.2d 114 (Ala.Civ.App.1980). A property division does not have to be equal, only equitable, and graduated according to the nature of the case. Monk v. Monk, 386 So.2d 753 (Ala.Civ.App.), cert. denied, 386 So.2d 756 (Ala.1980). We find no error as to the property division.
The next issue is the failure of the trial court to award alimony. At this point, we must delve further into the circumstances of the parties. Factors to be considered in determining whether to award alimony are (1) the financial circumstances of the parties, (2) their standard of living during the marriage, (3) their ages, (4) health, (5) length of marriage, (6) sources of their common property and (7) in proper circumstances, conduct of each with reference to the cause of divorce. Schwaiger v. Schwaiger, 392 So.2d 1213 (Ala.Civ.App.1981).
Mrs. Gilley is fifty-nine years old and Mr. Gilley is sixty-six years old. The couple had been married for more than forty years at the time of divorce. Both were apparently in good health. Mrs. Gilley achieved only a tenth-grade education and has never been employed outside the home other than in a family business. She has no special skills and apparently no income. Mr. Gilley, on the other hand, draws more than $600 per month Social Security. He also works forty hours per week at $3.35 per hour as a night watchman for a corporation owned in part by his son, Tommy. He also is well versed in the construction business, and has several saleable lots as a result of the property division. Apparently, his prospects for the future are much brighter than those of Mrs. Gilley.
Like the property division, the award of alimony is within the sound discretion of the trial court. Armstrong v. Armstrong, 391 So.2d 124 (Ala.Civ.App.1980). However, that discretion is judicial, not arbitrary, and is subject to review on appeal. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980). We find that the trial court abused its discretion by not awarding alimony or at least reserving such decision for a later time. Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App.1980). The refusal of alimony in any original divorce decree forecloses any future order regardless of need that might arise. Gargis v. Gargis, 367 So.2d 476 (Ala.Civ.App.1978), cert. denied, 367 So.2d 479 (Ala.1979). In order to live, the wife apparently must expend capital assets. Those are not so great as to survive long, particularly in the event of illness or other emergency. Under these circumstances, the trial court erred in severing all possible chance of assistance by the hus *971 band. Cinader v. Cinader, 367 So.2d 487 (Ala.Civ.App.1979).
The last issues involve the propriety of certain evidentiary rulings by the trial court. In neither instance was the matter so material as to support a reversal. We do not deem it necessary to determine the correctness of the ruling of the trial court. Rule 46, A.R.A.P.
The judgment is due to be affirmed in part; reversed in part and remanded with directions that the trial court either reserve the right to set alimony at a future date or determine a reasonable amount of alimony to be paid to Mrs. Gilley each month.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.

. Attorney’s fees of $3,500 and $2,500 were to be paid to the husband’s and wife’s attorneys respectively, as well as court costs, prior to division of these proceeds.

. It is clear that “Cullman Ice Factory” encompassed a home construction business. It is unclear, however, whether the ice making business itself was within that partnership or separate. Any title or interest in any partnership was given to Mr. Gilley, and presumably that portion of the trial court’s order rendered Mrs. Gilley’s prayer for accounting and division of profits moot.

. We note that Tommy Gilley, the parties’ son, was given all right, title and interest to one piece of machinery that was originally bought by the partnership of the father and two sons. See footnote 2 for explanation as to the rest of the cross claim.

. This denotes the real property in downtown Cullman which housed the actual ice making factory and is not to be confused with the “Cullman Ice Factory,” apparently a partnership.