This is a divorce case.
The husband appeals, primarily contending that the trial court erred in awarding the parties' marital home to the wife. We affirm.
At the outset we note that we are governed in this case by the ore tenus rule. Because the evidence in this case was presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Nowell v. Nowell,474 So.2d 1128 (Ala.Civ.App. 1985).
Upon divorcing the parties, the trial court made a division of their property and awarded both periodic alimony and alimony in gross to the wife. The trial court included the home as part of the award of alimony in gross. In this court's opinion, the award of the home to the wife would be better viewed as part of the property division. The "label" given to the award of the home, however, does not affect the outcome in this case.
Both the division of property and the award of alimony are committed to the discretion of the trial court, which will not be reversed absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong.Brannon, 477 So.2d at 446; Nowell, 474 So.2d at 1129.
In making a division of property and in awarding alimony, the trial court should consider several of the same factors, including the age and health of the *Page 1117 
parties, the source, value, and type of property owned, the length of the marriage, the parties' future prospects, the standard of living to which the parties have become accustomed during the marriage, and their potential for maintaining that standard after the divorce. Brannon, 477 So.2d at 447; Nowell, 474 So.2d at 1129-30.
Considering such factors, we find no abuse of discretion in the trial court's awarding the home to the wife. After a marriage of considerable length — seventeen years — the parties were divorced on the basis that there had been an irretrievable breakdown in the marriage. In other words, the divorce was not attributable to the fault of either party. The husband, though sixty-two years of age and possibly nearing retirement, has considerable income from his dentistry practice. On the other hand, the wife, who is fifty-one years of age, appears never to have worked during her adult life, other than as a housewife and mother.
The husband argues that, because the wife's separate estate is much greater than his own estate, the trial court erred in awarding the home to the wife. We disagree. Though the wife's separate estate is much larger than that of the husband, both parties' separate estates are substantial. Considering all of the circumstances of the case, we find no abuse of discretion in the award of the home to the wife.
The husband additionally contends on appeal that the trial court erred in awarding an attorney's fee to the wife, but he cites no authority for this contention. We agree with the wife that the award of attorney's fees in a divorce case is a matter within the sound discretion of the trial court, which will not be reversed unless an abuse of that discretion is shown.Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App. 1984). No such abuse has been shown in this case.
The husband's final argument is that the trial court erred in ordering the husband to provide medical insurance for the wife. Again, however, he fails to cite to this court any authority in support of this contention. Specifically, the husband claims that that portion of the divorce decree which requires the husband to provide medical insurance is so ambiguous that it is unenforceable. We find such contention to be wholly without merit.
The wife has filed a motion with this court to strike certain portions of the husband's brief. In response, this court responds merely that it considers only those matters which are part of the record.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.