This is a divorce case.
The Circuit Court of Mobile County divorced the parties, awarding the wife custody of the parties' two minor sons and the total sum of $1,200 per month as periodic alimony and child support. The trial court further awarded the wife $50,000 alimony in gross to be paid in monthly installments of $200. Additionally, the wife was awarded $10,000 for her attorney's fee.
The husband appeals all of the above-recited awards to the wife, including the custody of the children. We affirm.
The cases are legion that, in divorce cases in which the evidence has been presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal, unless it is plainly and palpably wrong or unjust. See,e.g. Dyar v. Dyar, 484 So.2d 1116 (Ala.Civ.App. 1986); Edge v.Edge, [Ms. January 15, 1986] (Ala.Civ.App. 1986); Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Nowell v. Nowell,474 So.2d 1128 (Ala.Civ.App. 1985).
It is equally well established that all of the matters of which the husband complains — custody, child support, periodic alimony, alimony in gross, and the wife's attorney's fee — are within the sound discretion of the trial court, and its judgment regarding these matters will not be reversed, absent a showing that it has abused that discretion. See (regarding custody) Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App. 1984);Robbins v. Robbins, 447 So.2d 789 (Ala.Civ.App. 1984); Cole v.Cole, 442 So.2d 120 (Ala.Civ.App. 1983). See (regarding child support) Brannon, 477 So.2d at 446; Golson v. Golson,471 So.2d 426 (Ala.Civ.App. 1985). See (regarding alimony, periodic and in gross) Edge, [Ms. January 15, 1986]; Brannon, 477 So.2d 446;Nowell, 474 So.2d at 1129; Golson, 471 So.2d at 429. See
(regarding attorney's fees) Golson, 471 So.2d at 430; Robbinsv. Robbins, 460 So.2d 1355 (Ala.Civ.App. 1984).
This court pretermits a summary of the evidence. Reciting the pertinent facts of this case would add little to the well-known law represented by the vast number of cases on the same matters raised by the husband.
Suffice it to say that the husband has not shown that the trial court abused its discretion as to any of the matters appealed. We cannot say that the trial court was plainly and palpably wrong in concluding that it was in the best interest of the children to be placed in the legal custody of the wife, with whom they had apparently *Page 349 
resided since the parties' separation. Nor can we say that the trial court was plainly and palpably wrong in concluding that it was well within the means of the husband, a physician, to pay the sums awarded to the wife for child support, alimony, and attorney's fees.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.