This is a divorce case.
The parties were divorced by the Circuit Court of Marshall County. The wife was given custody of the parties' minor daughter and possession of the parties' jointly held home. The husband was ordered to pay the wife $25 per week child support, and this sum was to increase to $40 in the event the husband, who had been laid off from his job, obtained employment. No award of periodic alimony was made to the wife.
The wife, through able counsel, appeals, contending that she was entitled to periodic alimony or, alternatively, to "rehabilitative" alimony. We reverse in part, not because the trial court failed to award alimony, but because it failed to reserve the right to do so.
In making its determination as to the award of alimony, the trial court should consider several factors, including the age and health of the parties, the source, value, and type of property owned, the length of the marriage, the parties' future employment prospects, the standard of living to which the parties have become accustomed during the marriage and their potential for maintaining that standard after the marriage, and the parties' conduct, or fault, if any. Edge v. Edge, [Ms. January 15, 1986] (Ala.Civ.App. 1986); Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985); Nowell v. Nowell, 474 So.2d 1128
(Ala.Civ.App. 1985).
The evidence before the trial court showed that the wife was forty-three years of age. She had only a high school education and little work experience. During the parties' more than twenty-four years of marriage, the wife had worked in the home and in raising the parties' three children, two of whom are adults. At the date of the trial of this case, the wife had only three quarters remaining before she will have completed training as a medical laboratory technician. Therefore, although the wife's future prospects for supporting herself are not bleak, they are clearly uncertain.
The husband, who is forty-five years of age, is an experienced plumber. The evidence presented to the trial court showed that, although he was presently unemployed, his annual income averaged for the past five years in excess of $40,000, and he *Page 598 
hoped to regain employment through his local plumbers' union.
It is well established that, if a trial court does not either award alimony in the judgment of divorce or reserve the right to do so upon future consideration, its power to grant alimony is lost. McLendon v. McLendon, 420 So.2d 266 (Ala.Civ.App. 1982); Gilley v. Gilley, 414 So.2d 968 (Ala.Civ.App. 1982). In view of this fact, we find that the trial court erred in failing to reserve the right to award alimony to the wife based upon the evidence before the trial court. Gilley, 414 So.2d at 970; Parker v. Parker, 392 So.2d 229 (Ala.Civ.App. 1980). Seealso Ratliff v. Ratliff, 465 So.2d 427, 428 (Ala.Civ.App. 1985).
We are well aware that in reviewing this case we are governed by the ore tenus rule, under which the judgment of the trial court is presumed to be correct and will not be reversed unless it is so unsupported by the evidence as to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986); Dyar v. Dyar, 484 So.2d 1116 (Ala.Civ.App. 1986);Brannon, 477 So.2d at 446; Nowell, 474 So.2d at 1129. Additionally, this court is governed by the principle that the award of alimony is a matter which is within the sound discretion of the trial court, and its judgment regarding alimony will not be reversed, absent a showing that it had abused that discretion. Brannon, 477 So.2d at 446; Nowell, 474 So.2d at 1129; Golson v. Golson, 471 So.2d 426, 429
(Ala.Civ.App. 1985).
Applying these standards to the present case, we find that the trial court abused its discretion in failing to reserve the right to award alimony to the wife where the undisputed evidence showed that she had little training and work experience and no job with which to support herself at the time of the trial. This is particularly pertinent in view of the length of the marriage.
We should not be understood, however, as holding that the trial court erred in failing to award periodic or so-called "rehabilitative" alimony to the wife or that on remand it should do so — only that, should circumstances dictate, the trial court will in the future have the power to make such an award.
There was evidence presented to the trial court from which it could reasonably have concluded that the wife's conduct substantially contributed to the breakdown of the marriage. Such conduct may properly be considered by the trial court in denying the wife's claim for alimony. Ross v. Ross,447 So.2d 812 (Ala.Civ.App. 1984). Moreover, at the time of the trial of this case, the husband was unemployed, having been laid off work. It would thus have been virtually impossible for the trial court to have determined the amount of alimony to award the wife, even if she were entitled to such an award.
The judgment of the trial court is reversed in part and remanded for entry of a judgment not inconsistent with the above. The other aspects of the decree are affirmed.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is hereby awarded.
AFFIRMED IN PART; AND REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.