This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties. The wife was awarded custody of the one child born during the marriage. The husband was ordered to pay $250 per month child support and a $1,200 fee for the wife's attorney.
The husband appeals. We affirm.
The husband's primary contention on appeal is that he is not the father of the child who was born approximately eight months and eleven days after the parties' marriage and that the trial court erred in failing to declare that he was not the father. He also contends that the trial court erred in refusing to grant a continuance of the trial of the case so that further blood tests could be performed to establish his lack of paternity.
It is well established that, when the trial court in a divorce case has been presented with the evidence ore tenus, its judgment is presumed to be correct and will not be reversed unless it is so unsupported by the evidence as to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986); Dyar v. Dyar, 484 So.2d 1116 (Ala.Civ.App. 1986).
There is clearly evidence in the record which supports the trial court's refusal to declare that the husband was not the father of the child. The blood test which the husband had requested indicated that there was a 98.89% chance that the husband was the father. Moreover, a letter written by the wife's obstetrician placed the date of conception between April 25 and April 30, 1984. These dates coincide with the date when the parties agree that they first engaged in sexual intercourse, April 19 or 20, 1984.
Certainly, this evidence could reasonably satisfy the court that the husband was the father of the child. Cf. Adams v.State, 428 So.2d 117 (Ala.Civ.App. 1983). At any rate, the husband clearly failed to rebut the presumption that he was the father of the child which was born during the parties' marriage. Ala. Code (1975), § 26-17-5 (a)(1).
With regard to the husband's argument that the trial court erred in refusing to grant him a continuance so that further testing could be performed, we note that, in granting the husband's first request for a blood test, the trial court delayed the trial of the case for approximately five months. After the results of the first test did not exclude the husband as the putative father (and showed a 98.89% chance that he was the father), the husband requested a continuance on the eve of the trial for further testing. We note that the first test ordered by the trial court was the specific type of blood test requested by the husband. *Page 937 
In other words, the husband "got what he asked for."
Whether to grant a continuance is a matter within the discretion of the trial court, Mitchell v. Moore, 406 So.2d 347
(Ala. 1981), and it will not be reversed in this regard unless there has been a gross abuse of that discretion. Washington v.Walton, 423 So.2d 176 (Ala. 1982); Selby v. Money,403 So.2d 218 (Ala. 1981); Perdue v. Mitchell, 373 So.2d 650 (Ala. 1979). We find no abuse of that discretion in view of the above-described circumstances.
The husband additionally contends that the trial court erred in ordering him to pay the wife's attorney's fee. The award of attorney fees in a divorce case rests within the sound discretion of the trial court, which will not be reversed except for an abuse of that discretion. Robbins v. Robbins,460 So.2d 1355 (Ala.Civ.App. 1984); Perry v. Perry, 460 So.2d 1324
(Ala.Civ.App. 1984).
No such abuse is shown in the present case. The husband, who concedes in brief that he earns "in excess of $25,000.00 annually," is well able to pay the wife's attorney's fee.
The other issues raised by the husband are of no merit and/or are not briefed with supporting authorities. See Rule 28, Alabama Rules of Appellate Procedure.
The wife has requested an attorney's fee for representation on appeal. A fee of $750 is awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.