This is a divorce case.
Following ore tenus proceedings, the trial court reaffirmed its earlier decree of divorce entered against the husband by default.
The trial court also divided the parties' property and awarded the wife alimony in gross of $15,000 and an attorney's fee of $1,000. The wife received the marital home and twenty acres surrounding it and a separate forty-acre tract of land. The husband received sixty acres adjoining the marital home.
The husband appeals, challenging the division of property, the award of alimony in gross, and the attorney's fee. We affirm.
All three of the matters of which the husband complains are within the sound discretion of the trial court, and its judgment regarding such matters will not be reversed, absent a showing that it has abused that discretion. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). See (regarding alimony)Dyar v. Dyar, 484 So.2d 1116 (Ala.Civ.App. 1986); Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Golson v. Golson,471 So.2d 426 (Ala.Civ.App. 1985). See (regarding the division of property) Dyar, 484 So.2d 1116; Brannon,477 So.2d 445; Golson, 471 So.2d 426. See (regarding attorney fees)Golson, 471 So.2d 426; Johnson v. Johnson, 460 So.2d 179
(Ala.Civ.App. 1984); Lochridge v. Lochridge, 448 So.2d 378
(Ala.Civ.App. 1984).
Moreover, in a divorce case in which the evidence is presented to the trial court ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, 485 So.2d 347; Dyar, 484 So.2d 1116.
The husband has not established that the judgment of the trial court is palpably wrong or unjust or that it is an abuse of the trial court's discretion.
As the husband acknowledges in brief, in making an award of alimony and a division of property, the trial court should consider several of the same factors, including the age and health of the parties, the source, value, and type of property owned, the length of the marriage, the parties' future prospects, the standard of living to which the parties have become accustomed during the marriage, and their potential for maintaining that standard after the divorce. Dyar, 484 So.2d at 1116-17; Brannon, 477 So.2d at 447.
The evidence showed that, after a marriage of twenty-seven years, in which the parties raised three children, the parties were divorced on the basis that the marriage had irretrievably broken down. Both parties were employed at the time of the divorce, the husband as a schoolteacher and part-time farmer, the wife in a plant, or factory.
The husband contends that the wife makes more than him working at the plant and that the division of property and alimony *Page 29 
award are thus in error. The evidence shows, however, that the wife's future earning prospects were not as good as those of the husband. The latter holds a B.S. degree in education. He testified that his annual income for 1985 was approximately $18,000. The wife, on the other hand, does not hold a college degree. Over the course of the parties' marriage, she has held a variety of jobs. She is paid on an hourly basis at the plant where she currently works, and, although she earned approximately $21,000 in 1985, she testified that her job position is very insecure.
Under these circumstances, we find no abuse of the trial court's discretion in awarding the wife alimony in gross of $15,000 and dividing the parties' property as it did.
The husband contends, however, that the wife's share of the real property had a combined appraised value of $45,000 and that his share, though appraised at $37,000, was encumbered with a substantial mortgage. Such inequality, however, is no basis for setting aside the property division. The division of property need not be equal — rather, it must be equitable and graduated according to the nature of the particular circumstances in each case. Brannon, 477 So.2d at 447; Golson, 471 So.2d at 429.
Given the evidence regarding the properties owned by the parties and the contributions that the wife has made to the family's financial condition during the marriage, we find no abuse in the trial court's division of the parties' property.
Finally, regarding the award to the wife of an attorney's fee of $1,000, the husband contends that there was no evidence presented in support of a claim for an attorney's fee.
While the introduction of evidence regarding the fee might have been helpful to the trial court in arriving at the amount of the fee to award, that court may rely upon its own knowledge and experience as to the value of the legal services performed.Johnson, 470 So.2d at 180; Lochridge, 448 So.2d at 381.
We find no abuse of the trial court's discretion in awarding the wife an attorney's fee of $1,000.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.