EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The husband contends upon his appeal that the trial court’s division of the marital property and its refusal to order the wife to pay alimony to him constitute palpable abuses of discretion.
After viewing the entire record in accordance with the ore tenus rule, we generally summarize the evidence as follows.
The parties were married in 1953. The wife is now sixty-two years of age, and the husband is sixty-six. Their three children are adults.
The parties own a home, which apparently is estimated to be worth in excess of $75,000. It is mortgaged for $40,000. They also own an adjoining lot where they constructed a tennis court. The value of the lot and tennis court is in excess of $35,000. Their other primary asset consists of Alabama Housing Authority bonds with a face value of $120,000. Those bonds pay tax-exempt interest of $12,500 per year. At trial time, there was a debt against the bonds in the amount of $14,000, which will be fully paid around May 1987 by means of the bond interest.
The wife is the Dean of the School of Nursing at an Alabama state university. Her gross salary is approximately $65,000 *477 per year, with her net therefrom being about $3,000 per month. The wife has worked throughout the marriage. She presently draws a California teaching pension of $312 each month.
The husband has three college degrees, an A.B., an M.A. in education, and a Ph.D. in history. He has taught at both high school and college levels. He worked regularly from the time of their marriage until June 1970 when he worked full time for the last time. Since June 1970, he has done some substitute teaching and was a tennis coach for three years at an Alabama college, where he received only around ten percent of the usual salary for such a position. After the husband ceased coaching tennis, he has given private lessons for hire at the tennis court at their home. From that source he earned $5,300 one year, but his earnings were only $2,300 during 1985, which was an inadequate amount with which to pay for his private tennis lesson classified advertisements. The husband’s total income consists of about $400 each month from social security and a Florida teachers’ retirement program.
The husband testified that he had some health problems. However, he apparently attempted to obtain a continuance of the divorce trial on the ground that he was too ill to attend court; yet, he stated that he felt well enough to have given a tennis lesson on the trial date. He cancelled that lesson only after the trial was not continued.
The wife testified that the husband did not attempt very hard to seek employment and that, if he had been more diligent, he could have found a job. It is difficult for her to accept as a fact that anyone with his education and skills cannot find employment. On the other hand, the husband swore that his job seeking has been turned down by educational institutions because of his age and because they must pay him more on account of his three degrees. The schools are generally seeking younger teachers.
The trial court divorced the parties on no-fault grounds. Alimony was not granted to the husband. In effect, all of their assets were equally divided between the parties. That property consisted of all of their real estate, their furniture, and the bonds and the debt against the bonds.
The husband, through capable counsel, argues that he has been employed only sporadically since 1970, while the wife has been continuously employed and has been the principal wage earner in the household, and that the divorce judgment allows the wife to utilize all of her considerable income, while the husband has been left in a state of virtual poverty because he was not awarded alimony. He further argues that the equal division of the property was inequitable under the circumstances. The wife, through able counsel, counters that the trial court had the discretion under the evidence to consider one party to be a worker and the other to be a drone and that the trial court had no legal compulsion to reward the drone at the expense of the worker. In the wife’s opinion, the equal division of the property was most favorable and equitable toward the husband.
Where a trial court hears and observes the divorce case witnesses as they testify, its judgment is presumed to be correct and will not be altered on appeal unless it was so unsupported by the evidence as to be palpably wrong. Threadgill v. Threadgill, 487 So.2d 935 (Ala.Civ.App.1986). The division of the property of the parties and the award of periodic alimony are issues in divorce litigation which fall within the discretion of the trial court, whose decision thereon will be reversed only for a clear abuse of that discretion. Burns v. Burns, 473 lSo.2d 1085 (Ala.Civ.App.1985). The husband’s ability to earn, as opposed to his actual income, is a proper factor to consider in determining whether he should be awarded alimony. Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App.1983).
Here, the property was equally divided. While the husband has a present income of only $400 per month, that income will increase an additional $500 per month from bond interest upon his $60,000 share in bonds after the indebtedness against the *478 bonds is fully paid. He will also have available to invest or to spend as he desires his one-half of the net proceeds from the sale of the real estate.
After a careful consideration of the record on appeal and of the skilled arguments of counsel for both sides, it appears that the judgment of the trial court was equitable, that the trial court was not palpably wrong, and that the trial court did not abuse its discretion concerning any of the issues raised on appeal.
We affirm.
The wife’s request for an attorney’s fee from the husband as to this appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.