HOLMES, Judge.
This is a divorce case.
The Circuit Court of Mobile County divorced the parties, awarded the wife custody of the parties’ six minor children, and also awarded her the sum of $1,425 per month as alimony and child support. The trial court additionally awarded the wife possession of the marital home until her remarriage or until the youngest child reaches majority.
The wife appeals and the husband cross-appeals. We affirm.
Both parties contend on appeal that the amount of alimony and child support awarded to the wife was an abuse of the trial court’s discretion. The husband also contends that the trial court abused its discretion in awarding possession of the home to the wife, instead of ordering a sale, and further that the trial court erred in failing to specifically order that the husband be allowed to claim the children as “exemptions” on his U.S. tax return.
It is well established that all the matters of which the parties complain are within the sound discretion of the trial court, and its judgment regarding these matters will not be reversed, absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Moreover, in a divorce case in which the evidence is presented to the trial court ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, 485 So.2d 347.
This court pretermits a detailed summary of the evidence. Reciting facts would add little or nothing to the law represented *196 by the vast number of cases on the same legal subjects.
Suffice it to say that, considering that the husband’s income for 1985, including overtime and bonuses, was approximately $55,000 and that the wife has not worked full time in fourteen years, we cannot conclude that the alimony and child support award of $1,425 per month was an abuse of discretion. Furthermore, since the wife was awarded custody of the six children and will require a home for all of them to reside, we cannot say that the trial court erred in allowing the wife and children to remain in possession of the family’s home. Likewise, we find no error in the trial court’s action in not specifically decreeing who may claim the children as dependents for tax purposes.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.