HOLMES, Judge.
This is a divorce case.
After an ore terms hearing, the trial court divorced the parties and made the following awards: (1) custody of the three minor children to the wife, (2) husband to pay $750 monthly child support, (3) husband to pay hospital-medical premiums for the children, (4) husband to pay $650 monthly periodic alimony, (5) wife awarded the marital residence, subject to $9,000 judicial lien in favor of the husband, and (6) husband to pay the wife’s attorney fee.
The husband appeals. We affirm.
The issue on appeal is whether the trial court abused its discretion in the amount of alimony and child support awarded.
It is well established that alimony and child support awards are within the sound discretion of the trial court, and its judgment regarding these matters will not be reversed, absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Moreover, in a divorce case in which the evidence is presented to the trial court ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, 485 So.2d 347.
The record in pertinent part reveals that the parties have been married for eighteen years and have three children, ages seventeen, fifteen, and ten. The husband has a college degree in business and insurance certifications and is presently a licensed agent and underwriter. His annual income in 1985 was over $50,000. The wife has a high school education and during the marriage has worked at various, relatively low-paying jobs. Her annual income in 1985 was approximately $8,000.
In view of the length of the marriage and the large disparity of the parties’ income, we cannot say that the trial court abused its discretion in the awards of ali *250 mony and child support. Further, the child support award is set out in the divorce decree in such a manner as to automatically reduce as each child either reaches the age of majority, marries, or becomes self-supporting. We would note that the oldest child is very close to reaching majority and that the middle child is not far behind.
This court may not substitute its judgment for that of the trial court, and although the awards of alimony and child support are quite liberal, we cannot say that the trial court abused its discretion; to do so would be substituting our judgment for that of the trial court. As indicated, this the law does not permit. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984); Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App.1979).
We note that it appears that in the immediate future the child support payments will be reduced, and as always, periodic alimony may be modified upon a showing of a material change in the circumstances of the parties. Griffin v. Griffin, 479 So.2d 1283 (Ala.Civ.App.1985).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.