Husband appeals from the trial court's decree granting the wife's cross-bill for divorce and, further, from the court's award of alimony and property to the wife.
The husband, William T. Young, petitioned for divorce, alleging incompatibility of temperament and irretrievable breakdown of his marriage to Naja C. Young. The wife responded by answer and a cross-bill for divorce also alleging incompatibility of temperament. The husband then amended his original complaint and added the ground of adultery.
After an ore tenus hearing the court granted the divorce. Pursuant to the order the husband was directed to pay $4,800 as alimony in gross, payments being $200 a month for twenty-four months. The order also directed that the husband be allowed to purchase the wife's interest in their jointly-owned home and adjoining lot for $10,000. If the husband were unable to effectuate the purchase, then the home was to be sold and the net proceeds divided equally. The husband was further awarded use and possession of the home.
The husband appeals from the order, asserting that the trial court failed to enumerate the specific grounds upon which the divorce was granted. Consequently, he contends that the decree should be reversed. The husband further maintains that the alimony award and disposition of the parties' marital home reflects an abuse of discretion.
We disagree.
At the outset, we note that the husband does not cite us any authority for his contention that a trial court's failure to specify the grounds supporting its divorce judgment is fatal to the decree. When no authority is cited in support of an argument, then the issues argued are waived. Porter v. Porter,477 So.2d 433 (Ala.Civ.App. 1985); A.R.A.P. 28(a)(5). Nonetheless, failure to enumerate the specific grounds supporting the divorce does not necessitate reversal. Mathiesonv. Mathieson, 409 So.2d 439 (Ala.Civ.App. 1982).
We now turn to an examination of the husband's contention that the alimony and property awards reflect an abuse of discretion. After an ore tenus hearing the trial court's decision regarding awards of property and alimony will not be reversed absent a showing that its judgment on these issues is plainly and palpably wrong. Hughes v. Hughes, 500 So.2d 1140
(Ala.Civ.App. 1986); Phillips v. Phillips, 489 So.2d 592
(Ala.Civ.App. 1986).
With regard to an award of alimony in gross, the trial court can consider such factors as the age and health of the parties, the length of the marriage, the parties' future prospects, their standard of living, and potential for maintaining that standard after the divorce. Dyar v. Dyar, 484 So.2d 1116
(Ala.Civ.App. 1986). Additionally, the court's award of alimony in gross is discretionary. Hammond v. Hammond, 500 So.2d 27
(Ala.Civ.App. 1986). We have examined the record and note these facts.
The wife relied on her husband for support. During their twenty-one year marriage, her only job experience was that of a babysitter and a fast-food employee. The husband's income in 1985 was approximately $23,000. In light of these facts, we cannot find an abuse of discretion in the award of alimony.
The husband further argues the award is excessive in that he sufficiently proved adultery on the part of the wife. We first note that a presumption of correctness attaches to the trial court's resolution of any conflicts in evidence in an ore tenus hearing. Blackmon v. Blackmon, 501 So.2d 476 (Ala.Civ.App. 1986). The trial court heard the wife testify, and she denied any adulterous conduct. Another witness testified to the contrary. If the trial court believed the wife to be more credible, we may not, on appeal, substitute our judgment for that of the trial court. Rose v. Rose, 440 So.2d 566
(Ala.Civ.App. 1983). *Page 34 
The divorce decree does not contain a finding of adultery. However, even if we assume the trial court found the wife guilty of adultery, that alone did not prohibit the trial court from awarding alimony. McWilliams v. McWilliams, 349 So.2d 59
(Ala.Civ.App. 1977). As stated previously, the alimony award does not reflect an abuse of discretion. It is, therefore, affirmed. Hammond, supra.
The husband next argues that the property division was in error, based on the same rationale — the wife's adulterous conduct should prevent her from receiving an award of property. A division of property does not have to be equal, only equitable. Hammond, supra. We have reviewed the evidence and find the property award equitable. The husband is awarded both use and possession of the home, as well as the right to buy the wife's interest. If he is unable to make the purchase, the home is to be sold, and the proceeds divided equally. We cannot say that such a division is inequitable.
Wife's request for attorney fee on appeal is granted in the amount of $350.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.