HOLMES, Presiding Judge.
This is a divorce case.
After an ore terms hearing the trial court divorced the parties and made certain awards to the wife, including alimony in gross and periodic alimony.
The husband appeals, contending that the trial court erred in the referenced awards to the wife.
We find no error requiring reversal and affirm.
It is well established that the matters of which the husband complains are within the sound discretion of the trial court and will not be disturbed on appeal unless plainly and palpably wrong. Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App.1986); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986); Golson v. Golson, 471 So.2d 426 (Ala.Civ.App.1985).
Moreover, in a divorce case in which the evidence is presented to the trial court ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, 485 So.2d 347.
In view of the numerous decisions of this court and our supreme court on the issue of abuse of discretion of the trial court in divorce cases, we perceive no precedential value in relating the facts of the instant appeal. We do point out, however, that there is evidence which supports the trial court’s conclusions that the husband was guilty of certain marital misconduct. Further, we note that, in order to retain the present marital home after the wife’s marriage, the parties had to purchase the prior husband’s interest in the home, which resulted in a mortgage payment of approximately $355 per month.
As indicated, we cannot say that the trial court’s awards to the wife are an abuse of discretion, especially in view of the fact that the husband could be deemed at “fault” in the breakdown of the marriage.
The husband requests an attorney fee award for representation on appeal. Needless to say, this request is denied.
The wife requests an attorney fee award for representation on appeal. This request is granted in the amount of $750.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.