Following an ore tenus proceeding, the Circuit Court of Mobile County entered a final divorce decree dividing the parties' property and awarding the wife temporary alimony and alimony in gross. The wife appeals, contending that the trial court's division of property and award of alimony were unreasonable and inequitable and therefore an abuse of its discretion.
The record reflects that the parties were married for 19 years. The wife is 59, and the husband is 58. Both are in good health. The wife, however, complains of tiring easily, due to an enlarged heart. The husband has six children from a previous marriage. The children have resided with the parties since their marriage. The wife has worked throughout the marriage. *Page 1151 
She is presently employed as an X-ray technician. Her take-home pay is $278 every two weeks. She is not enrolled in any retirement plan. The husband is retired from International Paper Company. He receives $940 net per month in retirement benefits. When he reaches the age of 62, he will be eligible for Social Security. The wife testified that the husband physically abused her on many occasions. The husband denied allegations of abuse.
The trial court awarded the husband the marital home, another piece of property, and a $10,840 certificate of deposit. The home was purchased approximately 25 years ago by the husband and his previous wife for $10,500. His previous wife, the mother of his six children, died, leaving her one-half interest in the home to her children. At the time of the divorce, the husband owned the home jointly with his children. There is no evidence concerning the present-day value of the home. The other piece of property was purchased in 1987 for $3,000 and has a "burned out" house on it. The wife was awarded $13,000 alimony in gross and $250 temporary alimony for four months. The trial court did not reserve the right to award future periodic alimony. The wife was awarded an attorney's fee in the amount of $500.
 I.
The wife initially contends that the trial court abused its discretion in the division of property. The division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). Applying the attendant presumptions to the facts in this case, we cannot say that the trial court abused its discretion in the distribution of the marital property. Its judgment as to the division of property is affirmed.
 II.
The wife asserts that the trial court erred in failing to award to her permanent periodic alimony or, in the alternative, to at least reserve jurisdiction to award periodic alimony in the future. An award of periodic alimony is a matter within the judicial discretion of the trial court and will not be reversed on appeal except for palpable abuse. Wiggins v. Wiggins,498 So.2d 853 (Ala.Civ.App. 1986). Factors which the trial court should consider when determining whether periodic alimony is to be granted include the future prospects of the parties, their sex, ages, health, station in life, and how long they were married. The trial court should also consider these factors in determining the duration and the amount of the award. Warren v.Warren, 386 So.2d 1166 (Ala.Civ.App. 1980).
As indicated above, the marriage endured for 19 years. The wife is 59 years old, has no separate estate, is not enrolled in a retirement plan, and earns only $278 every two weeks.
The wife received $13,000 in alimony in gross and $1,000 in temporary alimony. In order to live, she most certainly will have to delve into this asset. Particularly in the event of an emergency or an illness, $14,000 is not so great as to survive a long period of time. Gilley v. Gilley, 414 So.2d 968
(Ala.Civ.App. 1982). Furthermore, "she should not be required to exhaust the principal for her support." Cinader v. Cinader,367 So.2d 487 (Ala.Civ.App. 1979).
Under this set of circumstances, we find that the trial court erred in failing to reserve the right to award alimony to the wife in the future.
The judgment is affirmed in part, reversed in part, and remanded to the trial court with instructions to reserve the right to grant alimony at any future date.
Appellant is awarded an attorney's fee of $500 on appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur. *Page 1152