ROBERTSON, Judge.
The parties were granted a divorce on May 15, 1989, after approximately thirty-five years of marriage.
After an ore tenus proceeding, the trial court listed the jointly owned marital assets, including the home place, totalling $629,884.45, and ordered them liquidated. The trial court awarded the husband fifty-two percent of the proceeds and the wife forty-eight percent. The household goods and furnishings were equally divided, and each party was awarded an automobile. No alimony or attorney fees were awarded.
The husband appeals, arguing that, in view of the circumstances, the trial court abused its discretion in awarding the wife nearly half of the marital assets.
In divorce cases, when the evidence has been presented to the trial court ore tenus, as in the instant appeal, the judgment appealed from is presumed to be correct, and it is well established that the division of property is within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
The record reflects that the parties married when he was twenty-six and she was sixteen. They have one grown daughter who is married. The husband is completely blind, and has been since he was seventeen. He is now sixty-one. The wife is fifty-one years of age. The husband is self-employed as a piano tuner. The wife has assisted him in this business since their marriage. She has essentially handled all of the business affairs, e.g., arranging appointments, transportation to and from appointments, bookkeeping, investments, bank accounts, etc. Through their combined efforts, the parties have acquired numerous jointly owned marital assets.
Reviewing the record with the appropriate presumptions, we are not persuaded that the trial court abused its discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.