INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties, awarded the wife child support and alimony, and effected a property settlement. The husband appeals.
The husband contends that the trial court abused its discretion in the amount of alimony and child support awarded to the wife, as well as the division of the marital property and debts.
At the outset, we note that it is well established that all the matters of which the husband complains are within the sound discretion of the trial court, and its judgment regarding these matters will not be reversed absent a showing that it has abused its discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Moreover, in a divorce case in which the evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, supra.
This court pretermits a detailed summary of the evidence. Reciting facts would add little or nothing to the law represented by the vast number of cases on the same legal subjects. Suffice it to say that we have reviewed the evidence presented, and we find no plain and palpable abuse of discretion by the trial court. We do point out, however, that there is evidence which, if believed, supports the wife’s contentions that the husband was guilty of certain marital misconduct. We also note that the husband has been employed with the same company since 1975 as a chemist and receives a salary of approximately $40,000 per year. The wife, on the other hand, has only a part-time salesclerk position at a department store, with an average income of approximately $12,500. She has only a high school education, while the husband has a college degree in chemistry, which he earned during the marriage to the wife.
In view of the above, we find no abuse of discretion in the trial court’s order.
The wife’s request for attorney’s fees on appeal is granted for $500.00.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ„ concur.