INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties and effectuated a property settlement. The wife appeals.
On appeal, the wife argues that the property division was inequitable, arbitrary, and capricious. She contends that the division of marital assets should be equal unless there is some compelling reason to the contrary.
Here, the record reflects that the parties were married for approximately 26 years. Neither party brought any substantial assets into the marriage. However, after their marriage and through their joint efforts, they had great success in business and investment ventures, resulting in their amassing substantial assets. Further, the trial court found that the husband provided the investment ideas and worked 18 hours a day, while the wife worked as a bookkeeper in the business and as a homemaker. Also, the trial court specifically found that, although the husband was having an affair, it was not convinced that such misconduct was the cause of the marital problems.
The trial court then divided the property, which the wife asserts resulted in an 65-35 percent division in favor of the husband. As noted above, she contends this is inequitable in that it is not an equal division. We disagree.
The law is well established that the division of property is within the sound discretion of the trial court. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Each case must be decided on its own facts and circumstances. Furthermore, the division of property does not have to be equal, but only equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974). Moreover, in a divorce case in which the evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, supra.
Applying the attendant presumptions to the facts in this case, we cannot say that *362 the trial court abused its discretion in the distribution of the marital property. Therefore, the trial court’s judgment as to the division of property is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ„ concur.