RUSSELL, Judge.
Pursuant to an agreement between the parties, a judgment of divorce was entered on November 29, 1989. The agreement in pertinent part provided for the husband’s payment of child support and alimony in the amount of $300 per week. On January 26, 1990, the husband filed a motion to modify, alleging a material change in circumstances and an inability to pay. In response the wife filed a motion for rule nisi, alleging failure and refusal of the husband to make payments ordered by the divorce decree. After an ore tenus hearing on both motions, on August 21, 1990, the court modified the decree, reducing the child support and alimony award from $300 per week to $77 per week, and determined child support and alimony arrearage to be $4,585. The wife appeals. We affirm.
The sole issue raised on appeal is whether the trial court erred in modifying the child support and alimony payments.
The law is well settled that the matters of child support and alimony are within the sound discretion of the trial court, and its judgment regarding these matters will not be reversed absent a showing that it has abused that discretion. The eases are legion that, in divorce cases in which the evidence has been presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal, unless it is plainly or palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
This court pretermits a summary of the evidence. Reciting the pertinent facts of this case would add little to the well-known law represented by the vast number of cases on the same matters raised by the wife.
Suffice it to say that the wife has not shown that the trial court abused its discretion as to the matters appealed. Accordingly, we cannot say that the trial court was plainly or palpably wrong in reducing the child support and alimony award.
This case is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.