YATES, Judge.
On October 12, 1990, Mary Elaine Hutt filed a complaint, alleging that Susan Hill Leyden was detaining certain property that Mary Elaine claimed to own. Mary Elaine’s motion for summary judgment was denied by the trial court, and a hearing was held on the matter on August 19, 1991. On July 14, 1992, the trial court entered a judgment in favor of Susan. Mary Elaine appeals.
We note at the outset that when evidence is presented ore tenus, the trial court’s judgment is presumed correct and will be reversed only when it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ. App.1986).
The trial court’s order gives an excellent outline of the facts and the reasoning behind the court’s decision; therefore, we quote from the order:
“The plaintiff, Mary Elaine Hutt, is the daughter of Dr. Frank Leyden (deceased) and Mary Leyden, now McRae. Dr. and Mrs. Leyden ... also produced a son, Dr. Frank Collins Leyden, Jr. The Leyden residence at 1111 Montvue Road, Anniston, Alabama, was originally built by the plaintiffs grandparents, Dr. and Mrs. Frank Leyden, some 60 years ago. Upon their *959 deaths, the house and its contents became the property and home of Dr. and Mrs. Frank Collins Leyden. Dr. Frank Collins Leyden died in 1978 and Mrs. Frank Collins Leyden (Mary Leyden, now McRae) continued to live in the house until she, by will, inherited her husband’s entire es-tate_ [T]he son, Dr. Frank Leyden, Jr., married Susan Hill Leyden, the defendant in this action. The plaintiff, Mary Elaine Leyden Hutt, married and moved to Tuscaloosa, Alabama. The Montvue home contained furniture and heirlooms from two generations of Leyden occupants.
“In 1982, Mary Leyden (McRae) moved out of the Montvue residence and deeded it to her son, Frank Collins Leyden, Jr., who was then married to the defendant, Susan Hill Leyden. The son and his wife now occupied the Montvue residence which contained the many items of furniture which [had] belonged to the senior Dr. and Mrs. Leyden.
“The controversy of this lawsuit is over the right to possession of items of property which were in the home of senior Dr. and Mrs. Leyden. The plaintiff-daughter claims the ‘Leyden-estate’ furniture was given to her by her mother in 1982 when the Montvue residence was deeded to her brother. The defendant, ex daughter-in-law of Mary Leyden (McRae), claims the property in question is hers either by gift or by the terms of the divorce decree which ended her marriage to Dr. Frank E. Leyden, Jr.
“The issue of ownership and of right to possession of the property in question in this case is clouded by the testimony of Mrs. Mary Leyden (McRae). Her testimony is, at best, conflicting on these issues. She testifies that she gave the Montvue residence contents to her daughter-plaintiff at the time she gave the residence to her son; and yet, she also testifies that she is the owner of all items in the complaint and has only expressed a future intent for the ‘Leyden estate’ furniture to be her daughter’s ‘at some point.’
“The plaintiff, in a civil action, has the burden of proof of reasonably satisfying the trier of fact that the claims made by the plaintiff are true. To be reasonably satisfied means ‘to set one’s mind at rest that the claim made is true.’
“From a consideration of all the testimony and evidence, the mind of this Court, as the trier of fact is NOT set at rest and therefore, the Court is NOT REASONABLY SATISFIED that the property in question is either the plaintiffs or the defendant’s.
“It may well be that the plaintiff has a future expectancy to ownership of certain items in the ‘Leyden estate properties.’ It may be that Mrs. Mary Leyden (McRae) transferred the items in question by gift. Mrs. McRae’s testimony leaves the Court’s mind unresolved as to her actual intent.
“Clear actions and statements of intent by Mrs. McRae would go far in clearing up this present controversy, which without question, needs resolution.
“Accordingly, in this action for wrongful detainer by the defendant and for possession by the plaintiff, judgment is hereby entered in favor of the defendant [Susan] and against the plaintiff [Mary Elaine].”
In addition, the divorce decree of Susan and Frank Leyden indicates that the household property was to belong to Frank, but that it was to remain in the Montvue house. Susan has the right to stay in the house until the youngest child reaches nineteen years of age. She testified that property in the house belonged to Frank and her, but that there are some items of property in the house that are to remain when she vacates the house. Susan further testified that, when Mrs. McRae moved out of the house, Mrs. McRae told Frank and her that they could have the furniture remaining in the house. Susan also testified that several items of property claimed by Mary Elaine had been given to Frank and her by Mrs. McRae as a gift and that some of the items had been used by them in their previous home.
Mary Elaine testified that her mother gave the property to her at the time that she gave the house to Frank, that she recently had requested seven of the items from Susan, and that the request was refused.
*960 Mrs. McRae testified that she gave the contents of the Montvue property to Mary Elaine. When asked about the seven items of property claimed by Mary Elaine, Mrs. McRae stated that they were part of the Leyden estate and that the items were her own. She also stated that when she gave the house to her son, Frank, she told Mary Elaine “that all the furnishings and everything in the house would be hers” and that Mary Elaine “had known over all these many years that the contents would eventually be hers.” Regarding one of the items of property, the grandfather clock, Mrs. McRae stated that “nothing has really been discussed or determined” regarding that.
Clearly, the evidence was conflicting and the conflict was resolved by the trial court after hearing the evidence. Considering the testimony of the parties, we cannot say that the trial court’s judgment is plainly and palpably wrong. Coby, 489 So.2d 597. The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.