L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were married in 1983. Two children were born of the marriage. In 1991 the husband filed a complaint for divorce. The wife counterclaimed. Following oral proceedings, the trial court divided the marital property, denied the wife periodic alimony, and denied the wife’s request for an interest in the husband’s pending lawsuits for damages and workmen’s compensation benefits. The decree of divorce further provided that the parties be equally responsible for the children’s medical expenses that were not covered by insurance, that each party claim a child for income tax exemption purposes, and that each party be equally responsible for the debt owing to the Internal Revenue Service. The wife appeals.
The record reflects that in 1990 the husband was injured while in the scope of his employment. At the time of the hearing, he was receiving $1,104 in Social Security benefits and $842 in disability benefits. There was no testimony as to how long the husband would continue to receive these benefits. He testified that he had a workmen’s compensation case and a personal injury case pending. He has not been employed since the accident. He hopes that he will be able to be retrained for future employment.
*97 Pursuant to an agreement of the parties, the wife was awarded custody of the two minor children. The children receive $388 per month in Social Security benefits due to the husband’s disability.
The wife is employed as a bookkeeper and earns approximately $880 per month. At the time of the hearing, she was receiving $188 in Social Security benefits due to the husband’s disability. Once divorced, these benefits will stop. There was testimony that at that time, the wife’s benefits would be transferred to the children.
The parties did not own any real property. The divorce was granted on account of incompatibility of temperament.
The wife contends that the court’s order dividing the property, denying her periodic alimony, and refusing to award to her an interest in the husband’s pending lawsuits was so inequitable as to constitute an abuse of the trial court’s discretion.
The division of property and the award of alimony are within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
In a divorce action, when the trial court personally hears the evidence, as in this ease, the judgment entered is presumed to be correct on appeal. The judgment will not be altered on appeal if it is supported by competent, legal evidence unless the decision of the trial court is clearly wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
We have thoroughly reviewed the record and find no error in the division of property and the denial of permanent periodic alimony. Our decision is based upon the husband’s present, speculative ability to be gainfully employed and upon the speculation surrounding the outcome of his two pending lawsuits. However, in view of the speculative nature of the husband’s ability to earn, the undisclosed size of his estate, and the possibility of his receiving substantial funds from his legal claims, we consider that the trial court erred in failing to reserve jurisdiction to award alimony in the future. Lane v. Lane, 553 So.2d 1150 (Ala.Civ.App.1989).
The wife further asserts that the trial court erred in allowing the husband to claim one of the children for income tax exemption purposes and in making her partly liable for the parties’ debt to the Internal Revenue Service. The wife’s arguments concerning these contentions are based on her perception of the facts elicited at the hearing. We have reviewed those same facts and find no abuse of discretion.
The wife is concerned that the trial court failed to make any provisions concerning future medical insurance coverage for the children.
The record reflects that at the time of the hearing, the children’s medical expenses were covered by Medicaid. Such coverage was ancillary to the husband’s Medicaid coverage. The wife conjectures that if the husband returns to employment, then he and the children will lose their Medicaid coverage. She insists that the trial court erred in refusing to make a determination as to who will be responsible for the children’s medical insurance coverage if they are no longer covered by Medicaid.
The trial court cannot be put in error for failing to remedy a future event that may or may not occur. We point out that matters pertaining to child support are never res judicata. They may be modified in the future due to changed circumstances. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App.1983).
The judgment is affirmed in part and reversed in part, and the cause remanded to the trial court with instructions to reserve the. grant of alimony for a future date.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.