RICHARD L. HOLMES, Retired Appellate Judge.
This is a divorce case.
The parties, who were married in July 1970, were legally separated by an order of the trial court in October 1992. There was one child born of the marriage and he is an adult.
In May 1995 Charles D. Ollis (husband) filed a complaint for divorce, requesting that the trial court enter an order divorcing the parties.
Glenda Elithier Ollis (wife) filed an answer and a counterclaim, seeking to have the husband held in contempt of court due to his refusal, or failure, to make the spousal support payments as directed by the October 1992 court order. The October 1992 order was a divorce a mensa et thoro, commonly referred to as a “legal separation.”
After a hearing the trial court issued an order, divorcing the parties and finding the husband to be in contempt of court for his failure to pay spousal support as ordered by the trial court in October 1992. The trial court’s order stated that the husband could purge himself of contempt by conveying to the wife certain jointly owned property located in the state of Florida. This order also stated that the conveyance of this property “shall constitute satisfaction of past due support, and shall constitute payment of alimony in gross.”
The wife filed a motion for a new trial, which was denied. The wife appeals.
The wife raises two issues on appeal. First, she contends that the trial court abused its discretion when it failed to award her periodic alimony. Second, the wife contends that the trial court abused its discretion when it failed to reserve the right to award periodic alimony to the wife in the future.
We are well aware that in reviewing this case, we are governed by the ore tenus rule, under which the judgment of the trial court is presumed to be correct and will not be reversed unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). Additionally, this court is governed by the principle that the award of alimony is a matter which is within the sound discretion of the trial court, and its judgment regarding alimony will not be reversed, absent a showing that the trial court abused that discretion. Coby, 489 So.2d 597.
It is well settled that if a trial court does not either award alimony in the judgment of divorce or reserve the right to do so *1336 upon future consideration, its power to grant alimony is lost. Coby, 489 So.2d 597.
The trial court’s order states the following, in pertinent part:
“In case numbered DR-92-039 [the parties’ October 1992 legal separation proceeding] this court found that the wife had á substantially diminished earning capacity because of medical problems which were described to the court. At the hearing on October 16,1995, the wife testified that she can probably work, and this court is satisfied that the wife’s medical impairment is not so severe as to render her unable to earn an income for her own support.”
Our review of the record reveals that the wife testified that she has asthma, as well as problems controlling her bowels and kidneys. The wife stated that her only source of income was the spousal support payments and some money she had made from babysitting. The wife testified that she has an eighth-grade education and has had no additional education or training.
The record also reveals that the wife’s employment history includes working in a glove factory prior to the marriage, working in a lunchroom for a short period of time during the marriage, doing housework for other people, and doing some babysitting in her home. The wife testified that she was not experiencing problems with her bowels and kidneys when she worked in the lunchroom.
The wife testified to the following, in pertinent part:
“[Husband’s attorney]: So, in the last two years you really haven’t gone out and looked for any public work whatsoever?
“[Wife]: No, nothing but housework and babysitting.
“[Husband’s attorney]: Okay. Are you able to do the work, I mean actually do the work? You’re able to do that, aren’t you?
“[Wife]: I’m able to do the work, but trouble is I just can’t stop doing what I’m doing and go to the bathroom....”
Although the record does not contain the trial court’s 1992 order, the testimony at trial revealed that pursuant to the order, the husband was required to pay $311 per month to the wife as spousal support.
The record also reveals that the husband has health problems. The husband testified that he suffers from bronchial problems, disc problems, and diabetes, and that he is seeking to be declared unemployable by the Veterans Administration. The husband testified that his only source of income is $1,167 per month in retirement and disability benefits from the U.S. Army.
The husband admitted that he has been convicted of DUI on two occasions since 1992 and that he is currently paying $400 per month in restitution and fines for these DUI convictions.
In light of the fact that the wife has little training and work experience and suffers from health problems, we find that the trial court abused its discretion in failing to reserve the right to award alimony to the wife in the future. However, we should not be understood as holding that the trial court abused its discretion when it failed to award periodic alimony to the wife — only that the trial court abused its discretion when it failed to reserve the right to award alimony in the future, should circumstances dictate. We particularly note that the husband’s financial situation should improve after paying his court-ordered restitution and fines for his DUI convictions.
The trial court’s judgment is affirmed in part and reversed in part and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.