PROVIDENCE WASHINGTON INSUR-
ANCE COMPANY, Appellant,

v.

Lottie H. STANLEY, Individually, etc.,
et al., Appellees.

No. 25976.

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1969.

Joseph S. Mead, Mead, Norman & Fitzpatrick, Birmingham, Ala., for appellant.

W. H. Baldwin, Andalusia, Ala., Oakley Melton, Jr., M. Roland Nachman, Montgomery, Ala., Griffin Sikes, Andalusia, Ala., Steiner, Crum & Baker, Montgomery, Ala., Powell & Sikes, Andalusia, Ala., of counsel, for appellees.

---

ON PETITION FOR REHEARING

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE *, Circuit Judges.

PER CURIAM:

On petition for rehearing the appellant properly insists on precise accuracy in the opinion's statement of both the facts and the law. After careful re-examination of the 929-page record and the 49 exhibits, we find some corrections necessary.

At the time of issuance of the policy, title to the building and its contents was held separately. The Stanleys owned the building and leased it to their family corporation which owned the contents. The opinion erred in stating or assuming that the corporation held title to both the building and the contents. Recognition of that error does not however, change the result.

■ The named insured was "Covington Memorial Hospital," which was the trade name used by the Stanleys for nearly a quarter of a century before the issuance of the policy. The incorporation of "Covington Memorial Hospital, Inc." on January 2, 1963, before the issuance of the policy on February 1, 1964, did not divest the Stanleys of their insurable interest in either the building or its contents. As owners of the building and as shareholders of the corporate lessee, they had an insurable interest in the building. As shareholders of the corporation, they had an insurable interest in the contents. There was ample evidence from which the jury could find that the Stanleys individually were intended to be insured. One of the most cogent items is the "latest statement of values" preceding the fire loss. The policy provided that it was intended to cover "all property of every description * * * owned by the insured * * * all while situated at locations shown on the latest Statement of Values filed by the Insured with the Alabama Inspection and Rating Bureau." The "latest Statement of Values" completed on February 1, 1966 listed the name of the Insured as "Covington Memorial Hospital," but was signed "G. H. Stanley" on the line marked "Insured." Mr. Stanley completed the blank immediately under his name and calling for Title (or authority to sign) as "Owner." The Statement of Values listed, in parallel vertical columns under a caption "Values," two figures: $50,000 under subcaption "building or structure" and $60,000 under subcaption "contents." (Pl.Ex. 1.)

Before the fire loss, the corporation had been dissolved, and title to the contents had reverted to the Stanleys, subject, of course, to the debts of the corporation. Aetna Insurance Co. v. Kennedy, 1909, 161 Ala. 600, 50 So. 73. There is no evidence of any such debts, and the jury was not required to assume that corporate indebtedness would wipe out Mrs. Stanley's right to recover for the loss of the contents.

Notwithstanding the Company's vigorous assertions to the contrary, Little's repeated assurances to Mrs. Stanley—who had never seen the policy—that *she* was covered ("your hospital," R. 384, 386) under a package deal effectively discouraged any further pursuit of the coverage problem until she completed liquidation. (R. 384–386, 417, 466, 472, 779, 780–781, 802.)

■ As of the date of the loss, title to both building and contents was held by the Stanleys individually. Such being the case, the Company should not now be able to raise as a defense an implied intention to insure only a corporate entity which it failed to designate at the policy's inception and which it knows no longer exists.[1] Since the risk was never

---

* Of the First Circuit, sitting by designation.

1. This Court is not now called upon to consider what *might have been* the status of a corporate claim under the policy had the loss occurred prior to dissolution. Hence, Stebane Nash Co. v. Campbellsport Mut. Ins. Co., 1965, 27 Wis.2d 112, 133 N.W.2d 737, 16 A.L.R.3d 760, is distinguishable from and irrelevant to the case at bar.

controverted and the precise designation of the insured was for the jury to determine, the trial court legitimately charged the jury that "an incorrect description of the name of the insured will not void the contractual obligation." See 4 J. Appleman, Insurance § 2341, p. 51 (Supp. 1967), quoted in the original opinion.

In our original opinion we had stated that in reliance on Little's assurances Mrs. Stanley "commenced" liquidation. That is not accurate. She had already "commenced" liquidation, but thereafter she continued and completed the liquidation. Obviously, this correction does not change the result.

The petition for rehearing is denied.