TORBERT, Chief Justice
(concurring specially).
I write in order to distinguish the present case from Wadsworth v. Hannah, 431 So.2d 1186 (Ala.1983), with regard to the applicability of the nonclaim statute, Code 1975, § 43-2-350. In my dissent in Wadsworth, I noted two exceptions to the non-claim statute. One of those “exceptions” is a claim of title against the estate. Duval’s Heirs v. McLoskey, 1 Ala. 708 (1840). It was my view in Wads-worth that title to the property at issue was unquestionably in the heir of the deceased and that the action was a contract action, which is within the non-claim statute. The complaint in the present case, however, alleges that the property in question was held in trust by Walter S. Beesley for Ralph S. Beesley and that Walter Judson Beesley executed and delivered a quitclaim deed to Ralph S. Beesley. The action in the present case is a claim of title against the estate of the deceased and falls, therefore, within one of the exceptions to the non-claim statute.
BEATTY, J., concurs.