This appeal involves an action brought by two brothers, Alvin and Eljo Williams ("appellees"), against their father, remaining brothers and sisters, the estate of T.L. Williams, and the administrator of the estate of T.L. Williams ("appellants"), seeking to enforce a partnership dissolution agreement ("Dissolution Agreement") between appellees and their deceased brother, T.L. Williams.
Appellees contend that, under the Dissolution Agreement, upon the death of T.L. Williams they became sole owners of all the assets of the partnership, Williams Granary and Feed Company, and, in addition, were entitled to life insurance proceeds from the policies insuring the life of T.L. Williams.
Appellants contest the validity of the Dissolution Agreement, primarily contending that the Agreement should not be enforced because it is an attempted testamentary disposition of property which does not comply with the statutes regarding testamentary dispositions and is not supported by valid consideration.
Following an ore tenus hearing, the trial court entered an order divesting appellants (the heirs-at-law other than the surviving partners) of any and all right, title, claim, and interest in the partnership, while vesting such title and interest solely in appellees (the surviving partners). The trial court denied appellants' motions for a new trial or modification of judgment, and they appealed. We affirm.
Because of the importance of the Dissolution Agreement to the disposition of this appeal, we quote the relevant provisions:
 "WHEREAS, the partners are doing business as a partnership under the firm name of Williams Granary and Feed company, and each of the above named partners own an undivided one-third interest in said partnership and its assets, including lands and cattle, and
 "WHEREAS, the partners consider it to be to the mutual advantage of themselves and their respective estates and heirs at law, to enter into an agreement whereby, upon the death of the partner first to die, and which partner is sometimes referred to hereinafter as the `deceased partner,' then the heirs at law and the estate of the deceased partner shall *Page 737 
be obligated to sell to the surviving partners and the surviving partners shall be obligated to purchase the interest of the deceased partner in the partnership and its assets, including lands and cattle, and the surviving partners shall have the opportunity to continue the partnership business uninterrupted, and
 "WHEREAS, the partners mutually desire to use life insurance to achieve these objectives, and
 "WHEREAS, the partners mutually agree that the sum of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000) shall be the fair reasonable market value of each partner at the time of his death, and
 "WHEREAS, partner Alvin Williams is the named insured in Policy # 437919, insuring him for $25,000 natural death . . . and Policy # 467314, insuring him for $10,000 natural death, with total death benefits of $35,000. . . .
 "WHEREAS, partner Eljo Williams is the named insured in Policy # 437920, insuring him for $25,000 natural death . . ., and Policy # 467313, insuring him for $10,000 natural death, with total death benefits of $35,000. . . .
 "WHEREAS, partner T.L. Williams is the named insured in Policy # 437921, insuring him for $25,000 natural death . . ., and Policy # 467315, insuring him for $10,000 natural death, with total death benefits of $35,000. . . .
 "NOW THEREFORE, in consideration of the premises, and the further consideration of the mutual agreements and covenants of the parties hereto as hereinafter set forth, the parties hereby agree, each with the other, as follows:
 "(1) That all premiums on the hereinabove referred to policies of insurance . . . shall be paid out of partnership funds. . . .
 "(2) Upon the death of any partner, the partnership shall be continued by the surviving partners, and the estate of the deceased partner and his heirs at law, shall transfer and sell and convey to the surviving partners, all the right, title and interest in and to any other partnership assets, including lands and cattle, owned by the deceased partner at the time of his death, and which transfer, sale and conveyance by the estate of, or the heirs at law of such deceased partner, shall be in return for the sole consideration of the payment of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000) to the hereinafter designated beneficiary of such deceased partner, and upon the payment of said life insurance proceeds of $35,000, the estate of the deceased partner and his heirs at law, shall have no further right, title and interest in the partnership or any of its assets, including lands and cattle.
 "(3) Upon the death of a partner, the surviving partners shall proceed to collect the proceeds of the above named policies insuring the life of the deceased partner, and shall pay to the hereinafter named beneficiary of the deceased partner the sum of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000), and which said sum represents the fair reasonable market value at the time of death of all the right, title and interest in the partnership or any of its assets, including lands and cattle, of such deceased partner, and said payment shall be made without delay upon securing from such designated beneficiary and the heirs at law and the executor or administrator of the estate of the deceased partner, all necessary and properly executed instruments necessary to effectuate the transfer of all the right, title and interest of the deceased partner in the partnership or any of its assets, including lands and cattle.
 "(4) Partner Alvin Williams does hereby designate as his beneficiary of the proceeds of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000) as his interest in the partnership, his beloved wife, Joyce Williams, if she be living at the time of his death.
 "(5) Partner Eljo D. Williams, does hereby designate as beneficiary of the proceeds of THIRTY-FIVE THOUSAND AND NO/100 dollars ($35,000) as his interest *Page 738 
in the partnership, his beloved wife, Illa Va Williams, if she be living at the time of his death.
 "(6) Partner T.L. Williams, does hereby designate as beneficiaries of the proceeds of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000) as his interest in the partnership, his two beloved brothers, Alvin Williams and Eljo D. Williams, share and share alike.
". . . .
 "(9) It is agreed that the sum of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000) shall represent the fair reasonable market value of all the right, title and interest in and to the partnership and its assets, including lands and cattle, of any partner at the time of his death, and in no event shall any estate of the deceased partner or his heirs at law or beneficiary receive more than the sum of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000) for the interest of such deceased partner in the partnership and its assets, including lands and cattle, unless this instrument be modified in writing, signed by each of the partners.
". . . .
 "(11) The surviving partners and the executor or administrator of the deceased partner's estate and his heirs at law and beneficiaries, shall make, execute and deliver any and all documents necessary to carry out the purposes and intent of this agreement, and this agreement shall be binding upon the surviving partners, their legal representatives and assigns, and upon the executor or administrator of the estate of the deceased partner and his heirs at law and beneficiaries, and their successors and assigns.
 "(12) The surviving partners, upon the death of a partner, shall not be required to make any inventory or accounting of partnership assets to the executor or administrator of the estate of the deceased partner, nor to his heirs at law or beneficiaries, and the sum of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000) shall represent the fair reasonable market value of the interest and ownership of the deceased partner in said partnership and its assets, including lands and cattle, at the time of the death of such partner.
 "(13) Upon payment of the sum of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000), to the designated beneficiary as hereinabove set forth, the surviving partners shall then be entitled to all profits of the partnership, and shall bear all losses after the date of the deceased partner's death, and shall be liable for any and all partnership debts and liabilities existing at the time of the death of such deceased partner and no interest or ownership on the partnership assets, including lands and cattle, shall pass to anyone by will or inheritance."
In accordance with terms and provisions of the Dissolution Agreement, the surviving partners as beneficiaries collected the $35,000 life insurance and demanded that T.L.'s remaining heirs transfer and convey to them his one-third interest in the partnership without any offer to pay over any sum to the other heirs. When the heirs rejected this demand, this action was filed.
The issue presented is whether the Dissolution Agreement is an attempted testamentary disposition of property which does not comply with the statutes regarding testamentary dispositions and is not supported by valid consideration. Appellants do not contend that appellees are not entitled to the life insurance proceeds of $35,000. The designation of the beneficiary of a life insurance policy is governed by the provisions of the policy, Outling v. Young, 398 So.2d 256, 258
(Ala. 1981), Mutual Savings Life Insurance Co. v. Hall,254 Ala. 668, 671, 49 So.2d 298, 302 (1951), and such policies are not testamentary.
Alabama law has long recognized that one may validly contract that at his death another may acquire his property on stated terms, provided the contract is based on a valuable consideration. See Cowin v. Salmon, 13 So.2d 190, 244 Ala. 285
(1943). In particular, a disposition of partnership interests by way of contract, effective upon *Page 739 
the death of the partner and supported by valid consideration, though not in compliance with the statutes regarding testamentary dispositions, is legal and enforceable. See Morev. Carnes, 309 Ky. 41, 214 S.W.2d 984 (1948).
This case is remarkably similar to More v. Carnes. In More, the estate of the deceased partner challenged the validity of a partnership agreement which vested the decedent's partnership interest in the remaining partners in exchange for a life insurance policy. The partnership agreement named the widow of the decedent as the policy beneficiary.[1] The Kentucky Court of Appeals held that "the Partnership Agreement here involved was not testamentary in nature and was not required to be executed in conformity with our statute of wills. . . ." 309 Ky. at 54,214 S.W.2d at 991. The More court also held that the insurance policy was sufficient consideration to support the agreement's enforceability. The court made no issue of the fact that the life insurance proceeds were paid to the widow in derogation of the estate.
In the present case, the Dissolution Agreement awkwardly sought to provide the means of purchasing the deceased partner's interest for a predetermined price through life insurance proceeds. A life insurance policy serves as legally adequate consideration in exchange for the deceased partner's interest in the partnership unless the terms of the agreement were manifestly unjust at the time of the agreement's making. There can be no question that the $35,000 insurance policy on the life of T.L. constituted valuable consideration for his partnership interest upon his death. Therefore, the Dissolution Agreement is valid and enforceable. The designation of the beneficiary of the life insurance is a separate question from consideration for the underlying executory contract, and, as previously discussed, such designation is not a testamentary disposition.
This opinion does not alter the framework under which this Court examines the validity of partnership agreements. On the contrary, the surviving partners and the deceased partner's estate will be required to carry out partnership dissolution agreements just as they were before this decision. The fact that the decedent selected his partners, as opposed to his spouse or estate, as beneficiaries of the life insurance (the consideration for transfer of his partnership share) is unquestionably permissible. Partners continue to be free to select whomever they wish to benefit from insurance on their lives. If the decedent had intended that his wife or estate receive the proceeds of his life insurance policy, then he must name them as beneficiaries or clearly indicate that the partners, as beneficiaries, are acting as trustees for them.
The other issues raised by appellants are unpersuasive. The trial court had proper jurisdiction under the authority ofDorrough v. McKee, 264 Ala. 663, 89 So.2d 77 (1956). The trial court's finding that certain real property belonged to the partnership is not clearly and palpably incorrect. See §10-8-70 (b), Code 1975. Nor is an action to quiet title or convey real property barred by the Alabama Statute of Nonclaims, § 43-2-350, Code 1975. See Wadsworth v. Hannah,431 So.2d 1186 (Ala. 1983).
We affirm the trial court's order divesting defendants of any interest or claim in the partnership, and vesting T.L.'s partnership interest solely in the surviving partners, Alvin and Eljo.
AFFIRMED.
ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, FAULKNER and JONES, JJ., dissent.
[1] The partnership agreement in More provided that the policy be paid to "Dorothy D. Carnes, wife of Russell L. Carnes, if living, if not living then the children of Russell L. Carnes."309 Ky. at 43, 214 S.W.2d at 985.