This is a divorce case.
Following ore tenus proceedings, the parties were divorced by the Circuit Court of Jefferson County. The circuit court ordered the husband to pay the wife $37,330 alimony in gross, payable by an initial payment of $7,330 and thereafter in monthly installments of $1,000. The husband was also required to pay the wife $4,580 in attorney fees.
The husband appeals, contesting both of these awards to the wife. We affirm.
The award of alimony, whether periodic or in gross, as well as the award of attorney fees, is committed to the discretion of the trial court. Its judgment regarding *Page 711 
alimony will not be reversed, absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986); Dyar v. Dyar, 484 So.2d 1116 (Ala.Civ.App. 1986); Edgev. Edge, 494 So.2d 71 (Ala.Civ.App.), cert. denied,494 So.2d 73 (Ala. 1986); Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985); Nowell v. Nowell, 474 So.2d 1128
(Ala.Civ.App. 1985); Golson v. Golson, 471 So.2d 426 (Ala.Civ.App. 1985).
Moreover, because the evidence was presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal, unless it is shown to be plainly and palpably wrong or unjust. Sayles v. Sayles,495 So.2d 1131 (Ala.Civ.App. 1986); Crosslin v. Crosslin,494 So.2d 431 (Ala.Civ.App. 1986).
Our review of the record reflects neither an abuse of discretion nor plain and palpable error. In fact, we find both the award of alimony and the award of attorney fees to be quite reasonable in view of the husband's income and the other awards by the trial court.
We would also note that, although the parties were married for only a short time, the evidence indicates that their wealth and standard of living increased significantly during the marriage. There was testimony showing that the wife had contributed to the parties' improved lifestyle and standard of living.
The husband additionally contends that the trial court erred in refusing to dismiss the wife's complaint for divorce. He argues that dismissal was required because, subsequent to filing her complaint for divorce, the wife returned to the husband and they cohabited as husband and wife.
It is true that a reconciliation of the parties while the suit for divorce is pending will abrogate the cause of action, and the trial court usually must dismiss it. McNutt v. Beaty,370 So.2d 998 (Ala. 1979); Rikard v. Rikard, 387 So.2d 842
(Ala.Civ.App. 1980).
Whether there has been a reconciliation, however, is a question of fact which the trial court must determine from all the evidence before it. Rikard, 387 So.2d 842. "Reconciliation is largely a state of the minds of both of the parties to be determined from all of the evidence and reasonable and proper inferences therefrom." Rikard, 387 So.2d at 845.
We find no error in the determination by the trial court, before which the evidence was presented ore tenus, that there had been no reconciliation of the parties. For a reconciliation to take place, " '[t]he intention of the parties must be to resume married life entirely, and not merely to enjoy each other's society temporarily, for limited purposes, or as a trial of whether they want to be reconciled.' " Rikard, 387 So.2d at 844 (quoting Homer F. Clark, Jr., The Law of Domestic Relations in the United States, p. 541).
The wife testified that she returned to the marital home for approximately one month during January and February 1986 to try to enter into a settlement with the husband. Neither her testimony nor that of the husband indicates that the parties had the intent to resume true marital cohabitation on a permanent basis, which is necessary for a reconciliation to take place.
The wife has requested an attorney's fee for representation on appeal, as well as sanctions pursuant to Rule 38, Alabama Rules of Appellate Procedure. An attorney's fee of $500 is hereby awarded. The wife's Rule 38 motion is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur. *Page 712