This is an appeal from a judgment awarding insurance proceeds to the plaintiff, Jewell Norred, instead of the defendant, Clyde Graves. Jewell Norred's deceased husband, James Wayne Norred, and Graves were partners in a business known as Graves and Norred Electrical Service. They formed the partnership in 1973 and continued operation until February 28, 1983. No written agreement existed for the partnership, nor was there any agreement on how the partnership assets were to be divided upon dissolution. Profits and liabilities were shared equally.
On May 7, 1979, Graves and Norred took out life insurance policies with Georgia International Life Insurance Company. The insurance agent was Gibson Albin, the brother-in-law of Norred. Each policy was worth $25,000.00, and was a five-year level term policy that could be renewed every five years for an increased premium. Graves was designated as the beneficiary on Norred's policy, and Norred was designated as the beneficiary on Graves's policy. The premiums for the policies were paid out of partnership funds. The parties' dispute is over the intended purpose of the policies. Graves argues that the proceeds were to be used to pay off partnership debts incurred by the surviving partner. Graves testified, however, that there was no understanding between him and Norred on what to do with the remainder after the debts were paid. Mrs. Norred argues that the proceeds should go to the deceased's estate as payment in full for the deceased's interest in the partnership. Albin, the insurance agent who was also Mrs. Norred's brother, testified that both parties knew that the purpose of the insurance was to buy out the heirs of the deceased partner.
Norred and Graves ended their partnership on February 28, 1983. They physically divided the partnership assets, but did not actually perform customary steps to equally dissolve the partnership. Graves says that as a result of the division, he became the sole owner of the business, and he continued to pay the premiums on both of the insurance policies until James Wayne Norred's death on December 5, 1983. On January 26, 1984, Jewell Norred filed her complaint, individually and as administratrix of James Wayne Norred's estate, asking for the proceeds of the insurance policy. She amended her complaint on December 17, 1984, further alleging that Graves had no insurable interest in the life of James Wayne Norred at the time of Mr. Norred's death. On February 4, 1986, the circuit court entered its order finding that although there had been an accounting of the physical assets of the partnership, no final accounting was had as to monies due to either partner, and that the estate of James Wayne Norred was entitled to the insurance proceeds, subject to set-offs due Clyde Graves. On appeal, Graves argues that the trial court's order is against the great weight of the evidence and that no *Page 818 
legal theory exists to support the trial court's ruling. We reverse.
Jewell Norred argues that she should receive the benefits of the insurance policy because she alone had an insurable interest in the insurance contract. "According to Alabama law, . . . [an] insurable interest must exist both at the time of contract execution and at time of the loss. Girard Fire Marine Ins. Co. v. Gunn, 1930, 221 Ala. 654, 130 So. 180, 183. Accord: Commercial Union Fire Ins. Co. of New York v. Parvin, 1966, 279 Ala. 645, 189 So.2d 330, 332." Providence WashingtonIns. Co. v. Stanley, 403 F.2d 844, 848 (5th Cir. 1968), reh. denied, 406 F.2d 735 (5th Cir. 1968). The prevailing rule among the states is that a partner or partnership has an insurable interest in the life of one of the partners. 43 Am.Jur.2dInsurance § 989 (1982). It is not the mere existence of the partnership which provides the basis for the insurable interest. It is the insuring partner's "reasonable expectation of pecuniary benefit from the continuance of the insured's life." Id., at 1000. This interest continues even if the partnership is discontinued prior to the death of one of the partners. Id.
In West End Sav. Bank v. Goodwin, 223 Ala. 185, 135 So. 161
(1931), the directors of a bank obtained a life insurance policy on the president, and the bank was named as the beneficiary. After the president resigned, the bank had the beneficiary changed to the resident's estate. The president then assigned his rights to the policy back to the bank. The Court held that the bank had an insurable interest in the life of the president and "that his resignation did not affect the continued validity of the insurance for the full benefit of the bank, and that, if no change had been made, the bank would be due to receive the proceeds of the insurance." 223 Ala. at 187,135 So.2d at 162. Although West End Sav. Bank involved a bank and its officers, we apply the same logic and analysis to this situation involving partnerships.
In the instant case, each partner took out a life insurance policy on the other. Both sides testified that the purpose was to provide for one partner at the other partner's death. The manner of providing for the surviving partner is in dispute between the parties. However, there is no legal uncertainty that both partners had an insurable interest in the life of the other partner.
We next turn our analysis to the designation of the beneficiary in order to determine who should be entitled to the proceeds of the life insurance policy. In the case ofWilliams v. Williams, 438 So.2d 735 (Ala. 1983), a partner designated the other partners (his brothers), as the beneficiaries of his life insurance policy. Pursuant to the partnership's dissolution agreement, the surviving partners were to receive the insurance proceeds and then use those proceeds to purchase the deceased partner's interest. Although it was written in an awkward manner, the dissolution agreement was held to be valid and enforceable. 438 So.2d at 735. Unlike the present case, in Williams a written partnership agreement a and dissolution agreement existed. However, both agreements involved the designation of the partners as beneficiaries instead of the spouse or estate. As stated by Chief Justice Torbert, "The fact that the decedent selected his partners, as opposed to his spouse or estate, as beneficiaries of the life insurance . . . is unquestionably permissible. Partners continue to be free to select whomever they wish to benefit from insurance on their lives." Williams, 438 So.2d at 739. In this case, the plaintiff's evidence that the decedent intended for the proceeds to go to his estate consisted solely of oral testimony from the plaintiff's brother (the insurance agent), and an ambiguous statement from a mutual friend of both partners. No ambiguity existed in the designation of the beneficiary. There was no written agreement like the dissolution agreement in Williams, supra, which provided that the surviving partners were to use the proceeds to purchase the deceased partner's interest. We require more than oral testimony, like the testimony presented here, in order to show that it was not the intention of the decedent that the designated *Page 819 
beneficiary retain the proceeds. Therefore, we reverse the trial court's judgment designating Norred's estate as the rightful recipient of the proceeds instead of the designated beneficiary.
REVERSED AND REMANDED.
JONES, ALMON, SHORES and STEAGALL, JJ., concur.