This is a divorce case.
After nine years of marriage the parties were divorced in September 1987 on grounds of incompatibility. The husband was ordered to pay the wife $25,000 as alimony in gross with the option of paying said sum in equal monthly installments of $500 for 50 months.
The wife appeals, contending that the award of alimony in gross was insufficient and that in determining the award the trial court erred by not taking into account the entire estate of the husband.
We disagree and affirm.
The award of alimony, whether periodic or in gross, is a matter committed to the sound discretion of the trial court, and its determination thereof will not be set aside on appeal absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Euler v. Euler,515 So.2d 710 (Ala.Civ.App. 1987); Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986); Dyar v. Dyar, 484 So.2d 1116
(Ala.Civ.App. 1986).
Moreover, because the evidence was presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal unless it is shown to be plainly and palpably wrong or unjust. Euler, 515 So.2d 710;Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App. 1986); Crosslinv. Crosslin, 494 So.2d 431 (Ala.Civ.App. 1986).
Finally, we would note that whether the husband's separate estate should have been taken into consideration in determining an award of alimony in gross was particularly a matter placed in the trial court's discretion. See Ala. Code (1975), § 30-2-51
(1983 Repl. Vol.).
Our review of the record reflects neither an abuse of discretion nor plain and palpable error by the learned trial judge in ordering the husband to pay the wife $25,000 alimony in gross.
The evidence indicated that the parties were both in their mid-fifties at the time of their marriage in 1978. Both had been married previously and had adult children from those marriages.
Both parties came into the marriage with separate estates, though the husband's estate was much larger than that of the wife. The evidence reflects that the parties kept *Page 1244 
the ownership of these estates separate during the relatively brief term of their marriage. Each maintained separate accounts.
We find any further recitation of the facts to be unnecessary. Suffice it to say that the wife has shown no abuse or plain and palpable error by the trial court.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.