After an ore tenus hearing the Circuit Court of Jefferson County entered a divorce decree, awarding Violet Waid $94,800 in gross alimony, to be paid in monthly allotments for ten years, and two jointly owned pieces of rental property. D.C. Waid was awarded seven pieces of property which he had accumulated prior to the marriage. Certain personal property not pertinent to this appeal was divided between the parties. The issue of periodic alimony was reserved by the trial court. The divorce was based upon incompatibility, with little, if any, wrongdoing.
The husband filed a motion for new trial or, in the alternative, reconsideration, alleging that the wife concealed the existence of certain bank accounts which were not discovered until after the divorce proceeding. The trial court granted the motion. After a hearing the trial court amended its original order and decreased the wife's alimony in gross to $51,000. The remaining provisions of the decree were substantially unchanged.
Both parties filed motions for reconsideration, which were denied. The husband appeals.
The record reflects that the parties lived together for approximately nineteen months prior to their marriage. The parties lived together as husband and wife for approximately three years. The wife is fifty-nine, and the husband is sixty-four. Both claim to have medical problems.
Prior to and during the marriage the wife was employed by Southeastern Properties *Page 765 
in a managerial position. In addition to salary, she was furnished a car allowance and a rent-free, utility-free apartment, in which the parties lived prior to their marriage. The wife's earnings varied from $23,000 in 1983 to $3,399 in 1985. The reason for the reduction in salary was because she split her salary with her husband so that he could increase his Social Security contribution and because her husband had told her that she did not have to work if she did not want to. Before and during the marriage she handled all financial matters with her husband's consent. The wife is presently employed full time with the same employer. However, she does not receive the same salary or benefits which she previously received.
The husband has been employed by the City of Birmingham as a firefighter for approximately forty years and is enrolled in the City's retirement plan. His reported income for 1986 was approximately $41,000. Prior to the marriage the husband had accumulated seven pieces of property throughout Alabama. Two of the pieces of property were inherited. The remaining property was purchased by the husband. The value of three pieces of the purchased property increased dramatically during the existence of the relationship due to improvements made by the parties. There is a direct conflict in testimony concerning the wife's financial and non-financial contributions to the enhancement of these properties. Six pieces of the property are unencumbered. A house in Birmingham which was purchased by the husband two months prior to the marriage carries a $23,000 mortgage.
During the marriage the parties jointly purchased two rental properties. At the time of the divorce the total equity in both houses was $20,000. The wife's daughter rents one of the rental houses. Following the parties' separation, the wife moved into the other rental house. The wife was awarded both houses, including the responsibility for the $58,000 outstanding mortgages.
The husband asserts that the award of alimony in gross and the jointly-owned rental properties to the wife is inequitable and constitutes an abuse of the trial court's discretion. The husband's position is that the trial court failed to give proper consideration to his separate estate in making the award. He asserts that the division of property should be modified and that the wife should not be entitled to any award of alimony in gross for the following reasons:
 "because of the brief duration of this three-year, late-life marriage, because of the lack of any significant financial contribution by Violet Waid, because of her misconduct in surreptitiously maintaining separate bank accounts and taking money from her husband, because of her attempts to deceive both her husband and the court, and because
of the benefit she and her adult children from her previous marriage already have received from Mr. Waid."
The husband asserts these allegations with such vigor and conviction that we have been overly cautious in our review of the record, as well as the exhibits. In our review, however, we find that of the foregoing allegations the only one not in dispute is the duration of the marriage. It must be noted, however, that the parties lived together for nineteen months prior to the marriage. The record reveals conflicts in testimony concerning the commingling of funds, the husband's knowledge of the existence of the wife's separate accounts, the transactions involving the wife's separate accounts, and the wife's financial and non-financial contributions to the marriage. These conflicts were questions of fact which could only be resolved by the trial court. We are prohibited from substituting our judgment for that of the trial court.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128
(Ala.Civ.App. 1985). The division of property, as well as the award of alimony, whether periodic or in gross, is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. *Page 766 Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987); Wiggins v.Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986). Furthermore, "whether the husband's separate estate should have been taken into consideration in determining an award of alimony in gross was particularly a matter placed in the trial court's discretion." Hudson v. Hudson, 531 So.2d 1243 (Ala.Civ.App. 1988). The determination of the amount of an award of alimony in gross depends on the facts of each case. There is no mathematical formula for deciding what is an appropriate award.Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App. 1985).
After hearing the testimony, the trial court apparently concluded that the wife made a contribution to the parties' finances and marriage. After a careful review of the record, we agree. Accordingly, we find no abuse of discretion in the trial court's division of property or in its alimony in gross award.
Each party's application for an award of attorney's fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.