L. CHARLES WRIGHT, Retired Appellate Judge.
Following an ore tenus proceeding the Circuit Court of Lauderdale County divorced the parties, made a division of property, and awarded the wife alimony in the amount of $150 per month.
The husband appeals. He contends that the trial court erred in its award of alimony and that the final decree did not reflect the agreed upon stipulations made by the parties prior to the hearing.
I.
The award of periodic alimony is a matter committed to the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Hudson v. Hudson, 531 So.2d 1243 (Ala.Civ.App.1988). When the evidence is presented ore tenus, the trial court’s judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). In making an award of alimony, factors which the court should consider include future prospects of the parties, age, health, station in life, length of marriage, and in certain situations the conduct of the parties. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
The record reflects that the parties were married for twenty-six years and are both in their forties. They have two self-supporting children.
The husband has worked for the same employer for twenty-five years. His 1986 tax return showed a gross income of approximately $51,000. In 1987 his gross income was approximately $37,000. At the hearing he estimated that his 1988 gross income would be approximately $31,000. The husband is enrolled in his employer’s retirement plan.
The wife is a journey carpenter but has not worked in that trade since 1981. She is presently employed by a dog grooming business, making approximately $90 per week. She operates a tanning salon out of the marital residence which grosses approximately $4,000 a year. The husband testified that with proper advertisement the salon could gross $8,000 to $10,000 a year. The wife was awarded the salon in the final decree. The wife is not enrolled in a retirement plan. She testified that she has had six surgeries in the last five years.
Considering the length of the marriage, the respective financial position of the parties, and other factors, we cannot say that the award of $150 in periodic alimony per month was an abuse of discretion or plain and palpable error.
II.
The husband asserts that the final decree was not a true reflection of the stipulation that the parties had entered into prior to the hearing. He does not assert in his posttrial motion or in brief exactly what portion of the final decree deviates from the parties’ agreement. We have compared the parties’ agreement, as dictated in the record, with the trial court’s final order and find that the final order substantially *808 encompasses the stipulation and does not deviate from it. There is nothing in the record to support the husband’s bare allegation and it is not our duty to speculate as to what it might be. We find no error.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.