RUSSELL, Judge.
This is a divorce case.
After an ore tenus proceeding, the trial court entered a judgment of divorce, ordering, among other things, the sale of the marital residence. The net proceeds were to be divided equally between the husband and the wife, with the wife’s share to be “paid directly to Colonial Bank of Montgomery, Alabama,” the intervenor. The husband appeals. We affirm.
We note at the outset that, after an ore tenus proceeding, the judgment of the trial court is presumed correct and will be set aside only when it is found to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Additionally, the division of property is within the discretion of the trial court and will be disturbed on appeal only when there is a palpable abuse of that discretion. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). We also note that the function of *650 this court on appeal “is not to reweigh the evidence or to substitute our judgment for that of the trial court.” Lewis v. Lewis, 494 So.2d 105, 106 (Ala.Civ.App.1986).
The dispositive issue is whether the trial court erred in dividing the net proceeds from the sale of the marital residence between the husband and the wife and in ordering that the wife’s share be paid directly to Colonial Bank.
The record reveals that the parties were married on April 9, 1977, and resided in a trailer until March of 1986. At that time they moved into a new house, which was partially paid for with loans and with funds which the wife had embezzled from Colonial Bank during her employment there. According to the wife’s testimony, approximately $86,000 was spent on the house, of which $44,000 came from loans and $34,694 came from embezzled funds, and the source of the remainder is unclear. The wife made cash advances on her credit cards, deposited the money in a construction account, and then paid off the credit cards with embezzled funds. The husband learned about the embezzlement from the wife at about the time that the wife quit her job.
Although the husband claims that it is unclear as to how much embezzled money went into the construction account and that his paychecks were deposited by the wife into their personal account to be used during construction of the house, the evidence indicates that the husband had net income of only $9,660 in 1985 and $3,307 in 1986.
Colonial Bank intervened some eight months after the filing of the divorce, showing that the wife had pleaded guilty to embezzling $85,000 from Colonial Bank and claiming an equitable interest in the marital residence to the extent that funds embezzled from Colonial Bank were used to increase the fair market value of the house.
The husband first contends that the claim of Colonial Bank is barred by laches in that, he says, due to Colonial Bank’s alleged delay in intervening, he changed his position by taking out a second mortgage for $20,000 on the house and used half of the funds to pay the wife’s debts in reliance on the wife’s agreement to convey her half of the house to him. However, we find that Colonial Bank proceeded against the wife with appropriate speed. The wife was indicted on June 22, 1987. She pleaded guilty, and a judgment was entered against her in federal district court on August 26, 1987. Colonial Bank then proceeded to obtain a judgment in circuit court, which was recorded on March 28, 1988, and thereafter filed a petition to intervene in the divorce action on June 2, 1988.
Additionally, the husband’s claim of an agreement to convey the wife’s half of the house to the husband is not supported by the wife. In her testimony, the wife denied any agreement to convey the house and, in fact, claimed that the husband threatened to get custody of the child of the parties if the wife did not convey her share of the house to him. The wife testified that she told the husband that she could not convey her interest because of Colonial Bank’s claim to her property. The wife also testified that the debts which were paid by one-half of the second mortgage funds were mostly for goods that went into the house, and both parties testified that the other half of the funds was used by the husband for his personal needs. Therefore, since Colonial Bank did not delay in intervening, since the alleged agreement was not proven, and since both parties benefited from the second mortgage, we find no merit to the contention that the claim of Colonial Bank is barred by laches.
The husband next contends that the trial court erred in awarding one-half of the house to the wife, because, he says, her criminal conduct caused the break-up of the marriage and he paid all, or most, of the cost of the house. However, there was substantial evidence that the funds for the house came mainly from loans and from the embezzled funds, rather than from the husband. The trial court also could have considered the fault of the parties in awarding one-half of the house to the husband, rather than all of the equity to the wife and Colonial Bank. Therefore, we *651 find that the trial court did not abuse its discretion in the division of the proceeds from the sale of the house and that its judgment was not plainly and palpably wrong. Waid, 540 So.2d 764; Lucero, 485 So.2d 347.
The husband also contends that Colonial Bank does not have a valid claim, arguing that there is no proof that any significant amount of the embezzled money went into the house. However, we find that there was such evidence on which the trial court could have based its judgment.
Finally, the husband claims that, because of the alleged agreement, he provided the funds to pay the wife’s debts and, therefore, is entitled to a deed from the wife for her interest in the house. He contends that Wadsworth v. Hannah, 431 So.2d 1186 (Ala.1983), supports his position. However, in Wadsworth, deeds had been prepared prior to the death of Mr. Wads-worth, and the court followed through with the expressed intention of conveying land. In the present case, there is no written agreement, and the wife denies the existence of any agreement at all. Therefore, we find that the husband failed to prove the right to a deed from the wife.
In view of the above, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.