I must respectfully dissent. Judgments of a trial court, which are based on ore tenus evidence, come to this court clothed with a presumption of correctness if supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989). Although a trial court's judgment may be subject to revision when error is found, we are not allowed to substitute our judgment for that of the trial court absent an abuse of discretion. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
In the instant case, the trial court heard the testimony of the wife and the husband. The trial court's order clearly stated its intention "that the wife should be left in the same approximate position that she was in prior to the marriage."
This golden-years marriage was between parties who had adult children by previous marriages. There was testimony that although the wife worked prior to this marriage, she did not work during the marriage because the husband desired her to be his companion and to travel with him. There was testimony from both parties that the only reason the wife wanted a divorce was because she disagreed with how the husband spent his money on his adult children. There was also testimony regarding the sale of the wife's previous home, but nothing to indicate her disposition of the proceeds of that sale, nor the proceeds of the transfer of several thousand dollars from the husband's IRA account to her. *Page 458 
My review of the record reveals evidence supporting the judgment of the trial court, and I am not persuaded that the trial court's judgment was an abuse of judicial discretion. This court does not reweigh evidence. Even if this court would have decided differently, we are without authority to reverse a judgment that is without error. Therefore, because I would affirm the trial court's judgment, I must respectfully dissent.