PITTMAN, Judge.
Donna F. Miller Cornelius appeals from a summary judgment for Larry Miller and Randy Miller (“the Millers”) and Larry Miller, as executor of the estate of Billy Wayne Miller, in her action to quiet title. In December 1998 Cornelius and Billy each owned an undivided half-interest in the real property on which their mother’s home was located, subject to a life estate retained by their mother. According to the affidavit of Anne Thrasher Mitchell, she, the mother and Cornelius traveled to Billy’s home where Cornelius paid Billy $21,700 cash. Then Billy and the mother signed a document agreeing to convey Billy’s interest in the family property to Cornelius. (C. 22-23, 30.) The agreement, dated December 18,1998, reads:
“I Faye Cornelius payed [sic] my brother Billy Wayne Miller 21700.00 for cash twenty one thousand seven hunder [sic] dollor [sic] for his half of my daddy and mother’s] house and I will see after my mother as long as I can. Deed to be made after our mothers [sic] death.”
(C. 29; Supp. C. 6.)
According to Mitchell, Cornelius moved into her mother’s house and cared for her mother until her mother’s death. Billy died in March 1999; his will was admitted to probate on May 14, 1999. Cornelius did not file a claim during the six-month period allowed for filing claims against the brother’s estate. Following her mother’s death, Cornelius asked Larry Miller, Billy’s son and the executor of Billy’s estate, to deed the property to her pursuant to the agreement. Larry refused and Cornelius filed this action to quiet title on October 5, 2000.
The reason for entering the summary judgment for the Millers and the sole issue on appeal is whether the nonclaims statute, § 43-2-350, Ala.Code 1975, which bars claims against an estate that are not presented within six months of the grant of letters testamentary, applies to bar Cornelius’s action seeking to quiet title to the family property.
The Alabama nonclaims statute provides that “[a]ll claims against the estate of a decedent ... whether due or to become dúe” must be filed within the six-month time period or be “forever barred.” See § 43 — 2—350(b), Ala.Code 1975. Alabama caselaw recognizes two exceptions to this statute: “contingent claims” and “claims of title.” The long-standing rule that claims of title do not fall under the nonclaims statute is based on the principle that claims of title are not claims against the estate. This is because “the right to recover is based upon the fact that the property claimed does not belong to the estate.” Locke’s Executor v. Palmer, 26 Ala. 312, 325 (1855). Thus, once Billy accepted the cash and signed the agreement, he no longer had an interest in the property unless Cornelius did not keep her part of the agreement, that is, unless she failed to live on the property and take care of their mother until her death. Billy’s half-interest passed to Cornelius and thus was not part of his estate when he died.
The agreement specifically conveys Billy’s half-interest in his mother’s property to Cornelius for the consideration of *885 $21,700 in cash and Cornelius’s promise to care for their mother until her death. Cornelius relies on our supreme court’s decision in Wadsworth v. Hannah, 431 So.2d 1186 (Ala.1983), for the proposition that actions to quiet title or to convey real property are not barred by the nonclaims statute. See also Crowley v. Bass, 445 So.2d 902 (Ala.1984); Williams v. Williams, 438 So.2d 735 (Ala.1983). In Wadsworth our supreme court concluded (1) that neither legal nor equitable claims of title are barred by the Alabama non-claims statute and (2) that courts reviewing equitable claims treat as done that which ought to have been done to effectuate the intentions of the parties. See Wadsworth v. Hannah, 431 So.2d at 1188-89. The unresolved question in the trial court below was whether Billy (and his heirs) might retain the money and take advantage of the services provided by Cornelius and keep the property interest as well. See Williams v, Phillips Petroleum Co., 453 F.Supp. 967, 976 (S.D.Ala.1978).
It is clear from the pleadings that Cornelius paid Billy $21,700 and agreed to take care of their mother in exchange for Billy’s half-interest in the family property. The fact that a deed transferring his interest was not to be made until their mother’s death does not turn this action into a simple contract claim that, like a tort claim, is barred by the nonclaims statute. Our supreme court in Wadsworth specifically addressed this situation and concluded that the nonclaims statute is inapplicable to disputes over title to property. Therefore, we must reverse the trial court’s summary judgment for the Millers and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.